The opinion of t'he court was delivered by
Marr, J.
Thomas H. Patterson, a citizen of New Orleans, died at Altoona, in the State of Pennsylvania, on the 15th July, 1872, leaving a will, by which he appointed Walmsley and Patterson, executors, as we gather from the pleadings.
*153 At the time of his death Patterson and Sigmund Mendelsohn were commercial partners, under the style of S. Mendelsohn & Co. The record does not show at what time the will was presented for probate, and the executors qualified; but on the 20th July, six days after the death of Patterson, Mendelsohn filed a petition in the Second District Court of Orleans, alleging that there was a large stock of merchandise belonging to the partnership; that a full inventory and appraisement should be taken; and that he as surviving partner had the right to be appointed liquidator. The court ordered that he be appointed liquidator, “ on complying with the requisites of the law;” and that an inventory be taken by a notary, and two appraisers, designated in the order, in the presence of all parties interested.
The notary proceeded, on the 25th July, to take an inventory and appraisement, not of the property of the succession of Patterson, but of the assets of the partnership of Mendelsohn & Co., the estimated value of which was $44,291 66. The executors of Patterson were not present, nor was the succession of Patterson in any way represented in the proceeding ; nor does it appear that any representative of the succession was notified, in any manner, of the ex parte application of Mendelsohn to be appointed liquidator, nor of the time and place, nor of the fact of the taking of the inventory. The only persons present were the notary, the two appraisers, Mendelsohn, and the two witnesses. The inventory is merely a statement of the gross assets of the partnership, without any statement of the debts, or balance-sheet, or estimate of, or means of estimating .the portion coming to deceased, or the value of his interest in the partnership.
On the filing of this inventory in the Second District Court, Mendelsohn gave bond with Isadore Newman, his surety, in the sum of $25,000, in favor of “ legal representatives” of Thomas H. Patterson, conditioned for the faithful administration of Mendelsohn as liquidator, and that he would render a true, perfect,and just account, when lawfully required by the “ legal representatives,” or the heirs, or their attorneys. There is nothing to show that the executors had notice or knowledge of this proceeding, or that any representative of the succession took part in it in any way.
On the 5th July, 1873, Mendelsohn filed, in the Second District Court, what purported to be his account as liquidating partner. It begins with a statement of the assets, footing $43,811 33, and this is followed by a statement of the debts, showing accounts in course of collection $5010 69, cash on hand $335 33, and debts unpaid $4031 66, without any statement of losses or profits or the value of the share of the deceased.
The executors opposed this account, and it was amended by judgment of the Second District Court, by striking out two items, one of *154 - $100, purporting to have been paid, and one of $696 66, not paid, and by placing the succession on it as a creditor for $1800, for rent of the property owned by Patterson, used in the business of the partnership, for the year ending 1st March, 1873. Prom the judgment homologating the account as thus amended, an appeal was taken; and our predecessors made other amendments, rejecting one credit claimed by Mendel- ■ sohn, of $1583 33, and reducing another from $1000 to $500.
The executors caused execution to issue on the judgment homologating the account for $1800, for the rent, which was returned no prop- , erty found. Thereupon they brought this suit on the liquidator’s bond against Mendelsohn and his surety Newman, in the Sixth District. Court, to recover the $1800, reserving their right to sue for the capital con- . tributed by Patterson to the partnership, and for such other sums as Mendelsohn might be liable for as liquidator. The judgment of the dis- , triet court was in favor of plaintiffs, for the $1800, with reservation as prayed for, and defendants appealed.
On the trial Mendelsohn was called as a witness for defendants, to prove that Patterson did not lease the property to the partnership, and . that the executors did not lease it to Mendelsohn; and that the succession of Patterson had no right to claim the rent. The court refused to hear the witness, evidently on the ground that the judgment of the Second District Court amending and homologating the account of the liquidator concluded the defendants on the question of liability for the rent. Defendants excepted to this ruling on the grounds, among others, that the Second District Court had no jurisdiction ; that the judgment of that court was not binding on the surety ; and that the witness would show that he had another account to render ; and other charges against the estate.
We think the judge- should have heard the witness. Newman, the surety, was not a party to the proceeding in the Second District Court; and he was not concluded by the judgment of that court.
It was the duty of the executors to have an inventory and appraisement made of the property of the succession. If the deceased was in community or in partnership with any one who has 'survived him, a partition must be effected, in order to ascertain what part of the common or partnership property belonged to the deceased, because that part only belonged to his succession, and would fall under the control and administration of the representative of the succession. R. C. C. 1135.
If the deceased was a member of a commercial partnership, the surviving partner, after the portion of the deceased in the partnership effects has been ascertained, and the estimate of it made on the inventory, may require' that this portion shall remain-with his own, in order that the whole may be disposed of for the common benefit in the ordi *155 nary course of trade, and the proceeds applied, as far as necessary, to the payment of the debts of the partnership. Art. 1138.
This right of the surviving partner is absolute only when the succession is vacant, or all the heirs are absent and not represented. The surviving partner is bound to give security to the legal representative-of the succession, .for a sum exceeding by one fourth the estimated value-of the portion retained by him which was coming to the deceased, according to the inventory. He has one year within which to sell the-effects, and to settle the affairs of the partnership ; and he is bound to render an account to the legal representative of the succession of the-deceased partner, and to pay to him the part due to the succession on the settlement of the partnership. Arts. 1139,1140.
The Code contemplates and requires that the legal representative of the succession shall qualify, cause an inventory to be taken, take charge-of the property, and enter upon the administration. If the surviving partner desires to exercise the right accorded to him to liquidate the affairs of the partnership, he must demand it contradictorily with the legal representative, after the inventory has been made, and the portion coming to the deceased has been ascertained, and its value estimated in the inventory. If any heir of the deceased be present or represented,, his consent would seem to be necessary, and, therefore, he should be notified of the application of the surviving partner. Art 1143; McKowen vs. McGuire, 15 An. 637.
Patterson was a citizen of Louisiana, residing in New Orleans, and he had invested a large sum in this business, which was conducted in valuable buildings, alleged to have belonged to him. It is not unfair to presume that all his heirs were not absent and unrepresented, in view of the large interests devolved upon them by his death. At any rate, no la.w authorizes the surviving partner to take the initiative, and, by ex-parte application, cause himself to be appointed liquidator, with the right to retain the portion of the deceased partner, to have an inventory made ex parte, and to give the requisite bond, and security, without having the same approved and accepted by the legal representative of the deceased partner, or by the court, in case of unreasonable objection-
It is no part of the obligation of the surviving partner and his surety to pay any specific debt to the succession of the deceased. The business of the surviving partner, and this is the obligation of the bond,
is to dispose of the effects in the usual course of trade, to pay the debts-of the partnership to third persons, to liquidate the affairs of the partnership ; and to account and pay over whatever may be found due to the succession on final settlement.
No doubt cases will occur in which the surviving partner might note have been able to liquidate the partnership fully in one year ; and in *156 that event he might obtain a prolongation of the term, where the interests of the succession would be thereby promoted. But whether the term be extended or not, his obligation is the same, to account to the legal representative, and to pay him the portion shown to be due on the liquidation and settlement of the partnership. In the event that any of the effects should remain not disposed of, they might be divided in land, if susceptible of such division ; or be sold at public sale.
The whole object of this proceeding is to effect a partition, a severance of the interests of the deceased and the survivor, in the manner most advantageous to all the parties. The law never intended that, at any time, either during the term fixed, or after its expiration, the legal representatives of the succession should be permitted to bring suit against the survivor for any single item of account which might appear to the credit of the deceased. The obligation of the survivor is entire, •to account and pay over the entire amount due, the part and portion •coming to the succession on the settlement of the partnership.
This obligation of the surviving partner is an ordinary civil obligation, which must be enforced in the ordinary civil tribunals, having ordinary civil jurisdiction ; and it is no more cognizable in a probate court than would be any other obligation to the succession, or a suit for a partition of any property owned in common by the deceased and a surviving joint owner. At the expiration of the term fixed for the liquidation, the legal representative would demand of the survivor an account, and the payment of the amount due. If this should be refused, it would be the duty of the person administering the succession, the legal representative, to proceed, by ordinary action, before an ordinary civil tribunal, to compel the rendering of an account, the final settlement of the partnership affairs, and the payment of the amount due on such settlement; and this suit would be brought against thesprincipal and the surety in the bond.
This account is not to be rendered to the probate court. The probate court deals with the legal representative administering the succession. It requires him to have made and filed in court an inventory •of the property of the succession ; and to take possession of and administer that property. He could not administer the partnership, nor •could he take out of the possession of the surviving partner the portion of the deceased, because one partner has no separate ownership of any of the effects of the partnership, until it is settled in someway, and the partnership debts paid. As representative of the deceased he might, jointly with the survivor, administer the effects of the partnership ; or he might provoke a settlement and partition. He could not compel such settlement and partition in the probate court, because such proceeding would not fall within the jurisdiction of that court. When the *157 court permits the survivor to retain the entire property of the partnership for the purpose of liquidation, the law requires him to give bond, not to the judge of the court, as administrators appointed by the court do, but to the legal representative appointed by the court to administer the succession. It is not an official bond ; it is an ordinary bond, such, as might be required of a person appointed to liquidate a partnership the members of which are still living.
The whole proceeding in the probate court seems to us to have been wrong. We do not mean to say that, to the extent of the bond, the surviving partner and his surety are not accountable to the executors for the part and portion coming to the succession on the settlement of the partnership ; but the probate court was without jurisdiction to receive the account, or to amend it, or to homologate it, or to render judgment, on it. It was not an account of the administration of a succession, but-of the administration of a partnership : It was not an account rendered by the administrator of a succession, but by the administrator of a partnership to the administrator of the succession ; and the judgment on that account does not entitle the executors to demand any specific sum as fixed by it.
There was no proof that any sum was due by the partnership for rent, except the judgment of the Second District Court; and that judgment was void for want of jurisdiction. No amount of proof could have-authorized a judgment in favor of plaintiffs in this suit; because, as the bond sued on disclosed, and the Code provides, neither the surviving-partner nor his surety was liable for any thing more, or for any thing-less than a faithful administration by the liquidator, a true and proper-account, and such sum as might be found due to the succession on the settlement of the partnership affairs.
The partnership might have owed the succession fl800 for rent; and yet, on final settlement, the succession might be largely indebted to the partnership. It is the right and the duty of the executors to compel an account and settlement of the partnership ; and they have no other right or recourse on the bond.
The judgment appealed from is therefore anulled, avoided, and reversed, and the demand of plaintiffs rejected, and their petition dismissed as in ease of nonsuit, reserving to them and to the succession of Thomas H. Patterson all their rights, whatever they may have been, against Sigmund Mendelsohn as surviving partner of the late commercial firm of S. Mendelsohn & Co., and against Sigmund Mendelsohn and Isadore Newman on the bond sued on in this case, plaintiffs, appellees,, paying the costs in both courts.
Rehearing refused.