## HUGH L. DAVIS *v.* WILLIAM J. DAVIS.

1. PARTNERSHIP.  *Partial account sought.   Chancery practice.*
   A partner is not entitled to the aid of a Court of Chancery to compel an
   accounting with his copartner concerning a certain part only of the partner-
   ship business, where the same is not a separate business, but simply one of
   the particular parts of the whole business, and no account is sought as to the
   whole.

2. SAME. *Partial account. Title to land. Chancery practice. Case in judgment.*

   H. and W. were partners in the business of planting, under the firm name of H. & Co. After conducting the business for several years they bought the Homochitto plantation and paid for it with the assets of the firm, but H. took the title in his own name, without the knowledge or consent of W. The business was conducted on this plantation for several years and proved to be profitable, when W. discovered that the title thereto was exclusively in the name of his partner. Thereupon he filed a bill for an accounting as to Homochitto place, and to compel H. to make to him a deed to a one-half interest in that place. No dissolution was sought either as to the business of this particular plantation or as to the general business of the firm. H. demurred to the bill on the ground that the complainant is not entitled to an account of the operations of the firm as to this place alone, the same being simply a part of the general operations of the firm. *Held*, that the demurrer was good as to the matter of accounting, but the complainant is still entitled to relief concerning the title to the land.

3. SAME. *Title to land, how taken.*

   The title to land bought as partnership property should be taken in the partnership name, and not in the individual names of the partners, as cotenants.

APPEAL from the Chancery Court of Adams County.

Hon. RALPH NORTH, Chancellor.

The case is stated in the opinion of the court.

*Mellen & Pintard*, for the appellant.

The fourth ground of demurrer is like unto the third, only it is more strongly expressed and points out a graver defect in the bill of complaint than that which we have just discussed. Said bill seeks to compel only an accounting of the business pertaining to the described lands without reference to the other business of the alleged partnership. This is certainly fatally defective, since " there can be no division of partnership property until all the accounts of the partnership have been taken and the clear interest of each partner ascertained." Adams' Eq. (3d Am. ed.), top p. 511, note 2, *supra*, and cases cited. A partner cannot demand an account in respect of particular items and a division of particular parts of the property, but the account must necessarily embrace everything. *Baird* v. *Baird*, 7 Dev. & B. Eq. 524; Coll. on Part. sect. 298. The only way in which the appellee, the complaintant in the court below, could hope to

establish any interest in the " Duncan Homochitto Plantation "
is by showing a purchase made with partnership funds, by
consent of partners, for partnership purposes; and then each
partner's interest is dependent, not on what each one's
interest in the business may have been, but what each one's
share is after " all the accounts have been taken and the clear
interest of each partner ascertained." Adams' Eq., *supra*.
For it may often happen that two men may form a partner-
ship, contributing equal amounts to the firm capital, yet on
the dissolution of the partnership, and the stating of accounts
between them, one partner may have become so indebted to
the firm that the other partner will be entitled to the whole
assets. Suppose, in the case at bar, the taking of the account
between the alleged partners should disclose the fact that W.
J. Davis was so largely indebted to the alleged firm of H. L.
Davis & Co. that he had no interest in the land in contro-
versy, would the court compel Hugh L. Davis to " convey to
the complainant by good and sufficient title the one undivided
half interest and title in and to said Duncan Homochitto Plan-
tation?" If so, there would not be much equity in the
decree. Adams' Eq. 239; *Williams* v. *Gage* Miss. 49 777.
The complainant recognizes these facts, and while in body of
the bill seeks to show an interest in the land because of the
purchase with funds or credit of the alleged partnership, yet
in the prayer wishes to ignore the partnership which bought
the land and confine the accounting to the business pertaining
to that particular branch of the firm affairs — the land
described in the bill. This surely cannot be done in the face
of the authorities already cited, and those we now cite.
*Williams* v. *Gage*, 49 Miss. 777; *Bowman* v. *O'Reilly*, 31
Miss. 261; *Baird* v. *Baird*, 1 Dev. & B. Eq. 524; Coll. on
Part. *supra*. The court will not permit a bill to be brought
for part of a matter only; nor for one of two claims on the
same defendant. 1 Barb. Ch. 40.

　　*Martin & Lanneau* and *T. Otis Baker*, for the appellee.

　　The statements of the bill show that not only was it unnec-

essary under the circumstances to pray for a dissolution and final accounting between the partners, but that such a course would have been improper, and that it was proper to pray for an accounting between the partners in the particulars set forth in the bill. The accounting without a prayer for dissolution is a matter depending upon the circumstances of each case. Wait says : "It was formerly held that an account would not be decreed unless there was a prayer for a dissolution. But this does not seem to be the modern doctrine; and if, from the circumstances of the case, an account should be taken and no sufficient cause for a dissolution exists in consequence thereof, then an account will be decreed without a dissolution." 5 Wait's Act. & Def. 153, and cases cited. See also the able opinion of the court in *Hudson* v. *Barrett*, 1 Pars. Eq. Cas. 414, where the doctrine is argued on principle. If one partner purchase lands with the funds of the partnership, the property is the property of the partners ; and if one partner under such circumstances take title thereto in his own name, he will be held a trustee for the other partners, and a resulting trust will arise in their favor in the lands so purchased. *Lake* v. *Gibson*, 1 White & Tudor's Ld. Cas., pt. 1 (4th Am. ed.), p. 287, notes, *et passim* ; *Dyer* v. *Dyer*, Ibid. 341, notes, *et passim* ; 5 Wait's Act. & Def. 119–121.

*Frank Johnston*, on the same side.

The complainant asks to have the legal title to this plantation placed where it properly belongs, *i.e.*, equally in both parties. As it stands now absolutely in the name of Hugh Davis it is in constant peril. Complainant's equity could be defeated by a sale to a purchaser without notice. Moreover, the bill prays for an account of planting operations and profits of this plantation. If there are other unsettled matters of partnership account, they are not disclosed by the bill. If the account asked by complainant should be extended to other and distinct partnership matters, or if an account of such are fairly involved in an account of the Homochitto planting operations, an answer setting up the facts would be the

proper mode. On final hearing on bill and answer, advised of all the facts, the Chancery Court could readily and intelligently direct the extent, scope and nature of the account to be taken. The better view is that an account may be had without a dissolution of a firm, and we again earnestly call the attention of the court on this point to *Hudson* v. *Barrett*, 1 Pars. Eq. Cas. 414. Certainly, the bill would not be bad on demurrer, because it did not specifically pray this relief, when it could be granted under a general prayer.

CHALMERS, J., delivered the opinion of the court.

The bill avers that complainant and defendant were partners in the business of farming under the firm name of H. L. Davis & Co., and desiring, after continuing the business for several years, to enlarge their operations, bought for this purpose a tract of land known as the Duncan Homochitto place, the negotiation for the purchase having been inaugurated by complainant and consummated by the defendant. The land was paid for out of the assets of the firm by a draft in the firm name, on their factors in New Orleans. But the deed was by the defendant taken in his individual name. This was done without the consent or knowledge of complainant, who only discovered it a short time before the filing of this bill. The object and prayer of the bill is to compel defendant to make to complainant a deed of a one-half interest in the land, and to procure an account of the profits of the farming operations conducted on the place, the allegation being that said operations have been profitable and have resulted in repaying to the firm all the money expended in its acquisition. No dissolution of the partnership is sought either as to the business of this particular plantation, nor as to the general business of the firm. A demurrer was interposed on several grounds, all of which, save the fourth, were manifestly unsound.

The fourth ground presents the valid objection that it is not competent for complainant to compel an account of the operations of the firm on this place alone, excluding all else, inas-

much as the bill shows that this was not a separate business conducted by itself, but was simply part of the general operations of the firm.

Though the assumption is questioned by counsel for appellee, we think that the bill indicates that there was " no separate dealing by the firm with this plantation," but that having been bought with and paid for out of the general assets of the firm, it was in the conduct of its operations blended with and made part of the general business without any separately kept account of its profits and losses. It was formerly held that no bill for an account would lie between partners unless there had already been a dissolution of the partnership or a dissolution was asked by the bill; but this doctrine has been greatly modified by the later cases, both in England and America, and such accounting is now frequently decreed without any dissolution whatever. 2 Lindl. on Part. 947, *et seq.*; Pars. on Part. 512.

But there are no authorities which will justify a prayer for an accounting as to an isolated portion of a general business, excluding all else, where the course of business has been to deal with the particular transactions as to which the account is sought as a part of a general whole. It is no more competent for a partner to do this, ignoring the state of accounts as to the general business, than it would be to seek an account and a decree for the profits of one year, disregarding the losses of preceding and succeeding ones.

This bill, in so far as it seeks an account, cannot be maintained under its present averments, and with its present prayer on that subject.

This, however, will not affect its maintenance in so far as it seeks a proper transfer of the legal title. That title, however, should be made to the firm of H. L. Davis & Co., since the allegations of the bill show not a purchase by co-tenants, but by partners for firm purposes. In resistance of this relief it will be admissible for defendant to show that complainant has no real or beneficial interest in the land, and for this pur-

pose he can go into the general state of the accounts. between the partners, either with or without a prayer for dissolution.

The demurrer being to the whole bill, and being good only as to a portion of it, the demurrer was properly overruled.

Decree affirmed and sixty days given defendant to answer.