STUCKEY *v.* DOUGLAS

5-3860                                      401 S. W. 2d 218

Opinion delivered April 11, 1966

*Dale L. Bumpers* and *Bruce Shaw,* for appellant.

*David O. Partain* and *Lonnie Batchelor,* for appellee.

GEORGE ROSE SMITH, Justice. The parties to this suit, H. B. Stuckey and Roy Douglas, were formerly partners in the operation of a feed mill at Branch, in Franklin county. After the dissolution of the partnership Stuckey brought this suit to compel Douglas to ac-

count for any profits that may have been made during a period of three years while Douglas managed the business. This appeal is from a decree dismissing the complaint for want of equity, apparently upon the ground that Stuckey failed to prove his case by a preponderance of the evidence.

The proof is so meager and so incomplete that it is not possible to say whether the partnership made a profit during the three years that Douglas was in exclusive control of the business. Despite this failure of proof Stuckey insists that he is entitled to judgment against Douglas to redress several specific instances in which partnership funds were misappropriated by Douglas.

It is not necessary for us, in explaining our reasons for affirming the decree, to review the partnership history in great detail. In 1958 Stuckey and Douglas bought out a third partner, Cecil Neuhart, who had been the salaried manager of the mill. For the next three years— the period now in issue—Douglas managed the business. In April of 1961 Stuckey took control of the mill by changing the locks on the doors and thereby excluding Douglas from access to the property. Stuckey ran the enterprise as his own for more than a year. He testified that he did not know how he fared. If there were any profits he kept them; if there were any losses he paid them.

In September of 1962 Stuckey attempted to sell the mill for $15,000, but he failed to find a purchaser. Douglas saved the situation by finding a purchaser who bought the mill for about $23,000. In the sale the partnership property was deeded to a bank in satisfaction of a partnership note for some $23,000. Stuckey admits that before he forcibly took control of the property his entire capital investment had been repaid, presumably during the management either of Neuhart or of Douglas.

Stuckey's complaint in the chancery court con-

cluded with a prayer that Douglas be required to deposit all his partnership records with the court for examination and that if upon that examination Douglas should be found to be indebted to Stuckey for partnership profits, then Stuckey be given judgment for the amount due.

Douglas deposited with the clerk of the court what records he had, consisting primarily of bank statements. As we have indicated, it is admittedly impossible to say whether the business made or lost money during Douglas's management. Stuckey did not put Douglas on the witness stand or ask that a master be appointed to take testimony and state an account. Instead, Stuckey testified in his own behalf and offered witnesses who described specific incidents that happened while Douglas was managing the mill. Among other things Douglas is charged with having bought livestock with partnership funds, with having failed to pay the mill for feed consumed by the animals, and with having failed to account to the partnership for the proceeds of sale when the livestock were disposed of. There is also some indication, upon rather scanty proof, that Douglas used partnership money to pay a personal note and did not fully reimburse the partnership for that withdrawal.

After putting this decidedly vague testimony in the record Stuckey rested his case. Douglas also rested without offering any proof whatever. The matter was then submitted to the chancellor, who dismissed the complaint for want of equity.

We cannot say the court was in error. Throughout the proceeding in the trial court the object of the suit was to obtain a complete accounting of the partnership affairs during Douglas's stewardship. Stuckey assumed the burden of establishing a basis for an accounting, but he did not produce sufficient proof to enable the chancellor to state the account. In such a situation the complaining partner is not entitled to require the defendant to account for certain items only, without respect to the

rest of the partnership business. *Williams* v. *Henkle,* 201 Ill. App. 362 (1916); *Thompson* v. *Lowe,* 111 Ind. 272, 12 N. E. 476 (1887); *Walmsley* v. *Mendelsohn,* 31 La. 152 (1879); *Davis* v. *Davis,* 60 Miss. 615 (1882); *Baird* v. *Baird's Heirs,* 1 Dev. & Bat. (N. C.) 524, 31 Am. Dec. 399 (1837).

We need not now determine when a partner can maintain a suit to recover specific sums of money misappropriated by his copartner. That was not the object of this complaint. No amendment to the complaint was offered. Neither can it be said, upon the record in this case, that the complaint should be treated as amended to conform to the proof. All the testimony about misconduct in Douglas's handling of the business was competent under the allegations of the complaint, in that it was relevant to a complete partnership accounting. Hence an objection to the testimony would have been unavailing. In similar circumstances it has been held—we think correctly—that the reception of the evidence does not bring about an amendment of the pleadings to conform thereto. *Powell* v. *Powell,* 181 Ore. 675, 184 P. 2d 373 (1947). This is so because the other party's failure to object does not amount to his acquiescence in the determination of a new and unpleaded issue.

At the trial it was not Douglas's responsibility to rebut the scattered assertions that he had misapplied partnership assets, for he had not been put on notice by the pleadings that any such issues were involved. There was no request, or even any suggestion, that Douglas as a fiduciary should assume the burden of accounting for his management of the mill. As we view the case Stuckey is in the position of asking for the first time on appeal for relief with respect to matters that were not put in issue in the court below. Needless to say, at this stage that request comes too late.

Affirmed.