## B. G. CONEY COMPANY *v.* RADFORD PETROLEUM EQUIPMENT COMPANY, et al

85-77 696 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered October 7, 1985
[Rehearing denied November 12, 1985.*]

---

* Purtle, J., not participating.

*Wood Law Firm*, by: *Doug Wood* and *Steven R. Davis*, for appellant.

*Hardin & Grace*, by: *David A. Grace*, for appellees Radford Petroleum Equipment Co., James P. Dollar d/b/a Dollar Sheet Metal, Arkansas Excavating, Inc., and Prospect Steel, Inc.

*Givens & Buzbee*, by: *J. R. Buzbee*, for appellees Robert McNannan and Homer Riddell d/b/a Painting Contractors.

*Everett O. Martindale*, for appellee Central Industrial Electric Company, Inc.

*Davidson, Horne, Hollingsworth, Arnold & Grobmyer*, by: *Robert Fuller* and *Patrick E. Hollingsworth*, for appellee James A. Camp d/b/a C & C Commercial Cleaner.

*Friday, Eldredge & Clark*, by: *Michael S. Moore*, for appellee Ben Hogan Co.

*Walter A. Murray*, for appellees.

DAVID NEWBERN, Justice. This case was certified to us by the Arkansas Court of Appeals pursuant to Arkansas Supreme Court and Court of Appeals Rule 29. 1. c. and 29. 4. b. While the matter upon which certification was based has become moot by virtue of appropriate concession by the appellant in oral argument, we choose to decide the case rather than transfer it back to the Court of Appeals, as it was properly certified to us.

The questions remaining are (1) whether the chancellor was correct in rendering summary judgment for the appellees despite the appellant's contention that genuine issues of material fact

remained, and (2) whether it was proper for the chancellor to render summary judgment for some of the appellees who had made no summary judgment motion. We hold the chancellor's decisions were correct on both points, and thus we affirm.

## 1. Remaining Issues of Fact

The appellees were subcontractors to the appellant B. G. Coney Company (Coney), which had a general contract to build a shopping center. Coney sued the owners of the shopping center for money allegedly due under the general contract. Some subcontractors were joined as parties to the case, and others intervened. The appellees, who were among those subcontractors who became parties, cross-claimed against Coney, asserting they were entitled to be paid by Coney for their work, and asserting liens. Coney contended the appellees were not entitled to be paid until Coney had been paid by the owners. The contract provisions presented to the trial court as controlling are:

## ARTICLE V

*Progress Payments* - Based upon applications for payment submitted by contractor to owner, and payments by owner to contractor, contractor shall make progress payments to subcontractor, on or about the tenth day of each month of ninety percent (90%) of the portion of the contract sum properly allocable to labor, materials and equipment incorporated in the work, less the aggregate of previous payments; and upon substantial completion, a sum sufficient to increase total payments to ninety percent (90%) of contract sum less such retainage as contractor shall determine for all incomplete work and unsettled claims.

## ARTICLE VI

*Final Payment* - Final payment, constituting the entire unpaid balance of contract sum, shall be paid by contractor to subcontractor thirty (30) days after all work of subcontractor has been completed and accepted by the contractor and this contract fully performed.

The chancellor ruled that, as there was no dispute over whether the work of the appellees had been completed and accepted and the contract had been fully performed, Article VI was control-

ling, and the appellees were entitled to summary judgment.

 Coney earnestly contends the chancellor should have looked to Article V and VI, as both apply to final payment. One need only read those articles to see that is not so. Coney then contends that, reading these contract articles together, there is a latent ambiguity in the contract, and the chancellor should have considered affidavits from Mr. B. G. Coney and a Mr. Toland which showed the company policy and practice was not to make final payments to subcontractors until Coney had been paid. The chancellor was entirely correct in not allowing these affidavits to dissuade him from entering summary judgments. When there is no ambiguity in the contract, such testimony is irrelevant. It certainly raises no genuine issue of material fact. We can see no ambiguity in this contract, latent or otherwise. Article VI controls final payments. Final payments are the subject of the appellees' claims. There being no ambiguity, extrinsic evidence as to the terms of the instrument was not admissible. *Arkansas Rock and Gravel Co.* v. *Chris-T-Emulsion*, 259 Ark. 807, 536 S.W.2d 724 (1976); *C & A Construction* v. *Benning Construction*, 256 Ark. 621, 509 S.W.2d 302 (1974). The mere raising of an unfounded charge of ambiguity in a written contract does not bar summary judgment, as it is for the court to decide whether the contract is ambiguous. *Freeman* v. *Continental Gin Co.*, 381 F.2d 459 (5th Cir. 1967); *U.S.* v. *Northern Pacific Railway Co.*, 188 F.2d 277 (8th Cir. 1951).

 The appellant adds nothing to its argument by citing Ark. Stat. Ann. § 85-2-208 (Add. 1961). Even if we could construe these subcontracts as ones for the sale of goods, thus making the cited statute applicable, we would find it not controlling. Nor is it applicable by analogy. Section 85-2-208 says express terms of a contract are controlling over course of performance, and course of performance is controlling over course of dealing and usage of trade. Again, the express terms are clear.

### 2. Non-moving appellees

 It was not error for the chancellor to grant summary judgment to all of the appellees even though some of them had not moved for summary judgment. The only substantial danger in granting summary judgment to a party who has not asked for it but whose legal position is the same as one shown to be entitled to

summary judgment is that the party against whom it is granted may not have had sufficient notice. C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure*, Civil 2d, § 2720 (1983). Lack of notice was clearly not a problem here. The appellant argues only that Rule 56 does not provide for granting summary judgment to one who has not moved for it. We would be inclined to discuss this issue more fully if the appellee had objected at the trial on the basis now asserted. Not only did the appellee not raise any such objection, counsel for the appellee stated he had no objection to summary judgment being entered for all subcontractors whose work had been completed. The only objection raised by the appellant in this context at the trial was to the trial court's entering the judgments without restraining the appellees from enforcing the judgments. We are not required to consider an issue not raised at the trial. *Ragge* v. *Bryan*, 249 Ark. 164, 458 S.W.2d 403 (1970); *Stuckey* v. *Douglas*, 240 Ark. 637, 401 S.W.2d 218 (1966).

In the brief and on oral argument the appellant argued Article XXI of the contract should have prevented the summary judgments because it provided the subcontractors were not entitled to payment until their liens were released. This argument was also one not raised at the trial, and thus we need not consider it here. *Ragge v. Bryan, supra; Stuckey v. Douglas, supra.*

Affirmed.

PURTLE, J., not participating.