Glenda R. ROGERS *v.* Irene LAMB

01-563                                      60 S.W.3d 456

Supreme Court of Arkansas
Opinion delivered December 6, 2001

*Christian & Byars*, by: *Joe D. Byars, Jr.*, for appellant.

*Gant & Gant*, by: *R. Derek Barlow*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Glenda R. Rogers, brings the instant appeal from an order of the Crawford County Circuit Court (1) finding appellee Irene Lamb's right of title, as the surviving joint tenant of property held by Lamb and her deceased father, superior to Rogers's homestead claim, (2) issuing a writ of possession commanding the county sheriff to deliver the property to Lamb, (3) denying appellant's

counterclaim for equitable relief, (4) denying appellee recovery of any rental payments, and (5) denying Rogers's motion for further proceedings and alternative motion for findings and a new trial. The court of appeals certified this case for us to consider whether a widow's constitutional homestead rights, created by Ark. Const. art. 9, § 6, may be defeated by the survivorship interest of a joint tenant in property conveyed pursuant to Ark. Code Ann. section 18-12-106 (Supp. 2001). Our jurisdiction is authorized by Ark. Sup. Ct. R. 1-2(a)(1) and (d) (2001).

The instant dispute arose after the March 24, 2000 death of John D. Rogers, Lamb's father and appellant's purported husband. On July 28, 2000, Lamb filed a petition for ejectment against appellant based upon a warranty deed reflecting that Lamb and her father took title in 1986 to the subject property as joint tenants with rights of survivorship. According to Lamb, each paid one-half of the purchase price with the understanding that Rogers would occupy the property during his life. As a result of her father's death, Lamb averred that she held a fee-simple absolute interest in the property, free and clear of any claim by appellant.

In response, Rogers claimed a constitutional homestead interest in the property. Alternatively, she filed a counterclaim against Lamb asking the court to acknowledge her equitable interest in the property. In particular, appellant insisted that her financial contributions towards the home's maintenance, improvements, insurance, and taxes, entitled her to such relief. In light of the equitable counterclaim, Rogers also moved that the case be transferred to chancery court.

Following a December 6, 2000 preliminary hearing and after reviewing only the parties' briefs, the trial court entered an order on March 7, 2001, finding that jurisdiction was proper in the circuit court, resolving the merits of the case in Lamb's favor, and denying Rogers any equitable relief. Notably, neither party filed a motion to dismiss or a motion for summary judgment. In other words, the trial court entered its order settling the case *sua sponte*.

Rogers raises three points on appeal. First, she argues that the trial court erred by determining that her homestead right was inferior to Lamb's survivorship interest in the property. Second, she challenges the validity of the trial court's judgment in the absence of an appropriate motion filed by either party and in view of the court's refusal to hold a hearing or accept evidence in support of her equitable claim. Third, she challenges the trial court's decision

to retain jurisdiction and its implicit denial of her motion to transfer the cause to chancery court. We find merit in appellant's arguments, and we reverse and remand for further action consistent with this opinion. As an initial matter, we decline to address the merits of appellant's final point on appeal. Given the people's recent passage of Ark. Const. amend. 80, and the consequent abolition of courts of equity, the issue is moot.

### Validity of March 7, 2001 order

At first glance, the instant case appears to turn upon our resolution of a substantive legal issue, namely, whether a joint tenant's survivorship interest trumps a widow's homestead rights. However, closer inspection of the record on appeal reveals that the case hinges on appellant's second point, a procedural challenge to the validity of the trial court's March 7, 2001 order. Prior to the court's ruling, neither party was afforded the opportunity to introduce evidence or witness testimony in support of their positions. Moreover, since Lamb neither filed a motion for summary judgment, a motion to dismiss, or a motion for judgment on the pleadings, there was no resulting burden on Rogers to "meet proof with proof," nor was there any impetus for the court to decide the case *sua sponte. See Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 359, 824 S.W.2d 387, 388 (1992) (requiring opponent to meet proof with proof, by showing a material issue of fact, once moving party makes *prima facie* showing of entitlement to summary judgment).

Although appellee insists that summary judgment was warranted as a matter of law, she fails to offer any argument or authority in support of a court's granting summary judgment in the absence of a proper motion filed pursuant to Ark. R. Civ. P. 56. In any event, we are convinced that genuine issues of material fact remain in dispute. For example, the parties disagree about the relevant facts supporting a homestead right. Contrary to Rogers's assertion, Lamb suggests that appellant did not live in Mr. Rogers's home for a fourteen-year period but maintained another residence in Forth Smith, Arkansas. Lamb also implies, in her brief, that Rogers may not have been married to her father during the relevant period.

In the absence of evidence on these matters, the trial court's order was based upon speculation and conjecture. Indeed, the trial court could only assume the existence of material facts,

including whether appellant was married to the deceased, where she resided, and the nature and amount of any contributions she made to the property. The record is silent on these issues because there was no trial or pleadings to elicit the requisite proof.

On remand, the trial court must hold an evidentiary hearing before ruling on the merits of the existence or priority of the parties' property rights and the extent of any equitable counterclaims. The court must have proof that appellant was in fact *Mrs. John D. Rogers*, the deceased's widow, before it can even consider the applicability of an alleged homestead interest. Otherwise, the trial court puts the proverbial "cart before the horse" and entertains a purely academic question of law.

Reversed and remanded.

IMBER, J., not participating.