2200 COMMERCIAL STREET WAREHOUSING, LLC *v.* HASTINGS DEVELOPMENT CO., INC.

CA 06-312                                               255 S.W.3d 488

Court of Appeals of Arkansas
Opinion delivered April 11, 2007

*Eichenbaum, Liles & Heister, P.A.*, by: *James H. Penick, III*; *Daniel Murray Traylor*, for appellant.

*Rose Law Firm, a Professional Association*, by: *Patrick J. Goss*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellee sold real estate to the appellant. A disagreement arose between the parties over whether the appellant was entitled to access the property over a portion of Commercial Street that appellee contended was appellee's own property over which appellant had no right of access. Appellant filed suit asserting that the subject street was burdened with

a servitude running to appellant's land by express grant, implied grant, prescription, and estoppel. Appellee responded with a general denial and asserted fraud, waiver, laches, and permissive use as affirmative defenses. Appellant then filed a motion for summary judgment; appellee resisted the motion on the ground that material questions of fact remained and did not file a cross-motion for summary judgment. Nevertheless, over appellant's objection, the trial court sua sponte granted summary judgment to appellee on the appellant's claims to easement by merger, implied grant, estoppel, and prescription. Appellant argues on appeal that the trial court's sua sponte grant of summary judgment to appellee was error. We agree, and we reverse and remand.

It is true that the Arkansas Supreme Court, in *B. G. Coney Co. v. Radford Petroleum Equipment Co.*, 287 Ark. 108, 696 S.W.2d 745 (1985), held that it was not error for the trial court to grant summary judgment to all of the appellees even though some of them had not moved for summary judgment. In so holding, the court noted that the only substantial danger in granting summary judgment to a party who has not asked for it but whose legal position is the same as one shown to be entitled to summary judgment is that the party against whom it is granted may not have had sufficient notice, and stated that lack of notice was not a problem in *B. G. Coney Co.* because it had been expressly waived below by opposing counsel. The situation in the present case was considerably different; not only was there no express waiver of the issue below, there was also no co-party cross-motion for summary judgment to put appellant on notice that it was required to meet proof with proof in response. This situation is more akin to that presented in *Rogers v. Lamb*, 347 Ark. 102, 60 S.W.3d 456 (2001), where the supreme court said:

> [S]ince Lamb neither filed a motion for summary judgment, a motion to dismiss, or a motion for judgment on the pleadings, there was no resulting burden on Rogers to "meet proof with proof," nor was there any impetus for the court to decide the case sua sponte. *See Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 359, 824 S.W.2d 387, 388 (1992) (requiring opponent to meet proof with proof, by showing a material issue of fact, once moving party makes prima facie showing of entitlement to summary judgment).

Although appellee insists that summary judgment was warranted as a matter of law, she fails to offer any argument or authority

in support of a court's granting summary judgment in the absence of a proper motion filed pursuant to Ark.R.Civ.P. 56. In any event, we are convinced that genuine issues of material fact remain in dispute.

*Rogers*, 347 Ark. at 104, 60 S.W.3d at 457.

■ Here, the trial court's *sua sponte* grant of summary judgment, especially on the fact-intensive issues of estoppel and prescription, deprived appellant of the opportunity to meet proof with proof and demonstrate that issues of material fact remained to be decided. Consequently, we reverse and remand on this point. Appellant raises additional points on appeal; however, we decline to address them because, under the circumstances of this case, we think that the findings made at the brief trial following the erroneous grant of summary judgment to appellee were tainted by that error and should therefore be reconsidered by the trial court on retrial. Furthermore, while the interpretation of the various deeds and documents under consideration are matters of law that could be decided by us on de novo review, the ultimate result of this dispute will depend on factual findings regarding the plethora of equitable theories raised by both parties in avoidance or defense of those documents. Consequently, we reverse the order of November 9, 2005, in its entirety and remand for all outstanding issues to be tried.

■ On cross-appeal, appellee argues that the order of November 23, 2005, that awarded appellant attorney's fees for prevailing on one minor contractual matter should be vacated in the event that appellant should prevail on appeal. We agree. Although in certain civil actions an award of attorney's fees to the prevailing party is allowed, *see* Ark. Code Ann. § 16-22-308, the determination of which party has prevailed cannot be made until all the issues are decided and a final judgment is rendered. *See ERC Mortgage Group, Inc. v. Luper*, 32 Ark. App. 19, 795 S.W.2d 362 (1990). Insofar as we have agreed with appellant's argument that there are outstanding issues of fact to be decided on retrial, we reverse the award of attorney's fees and remand for the trial court to reconsider the issue following a trial on the merits.

Reversed on direct appeal, reversed on cross-appeal, and remanded.

HART and VAUGHT, JJ., agree.