2009 Ark. App. 365

**Henry NICHOLS and Regions Bank, Trustees for Alpha Trust, Appellants,**

v.

**CULOTCHES BAY NAVIGATION RIGHTS COMMITTEE, L.L.C., Appellee.**

**No. CA 08–1448.**

Court of Appeals of Arkansas.

May 6, 2009.

Rose Law Firm, a Professional Association, by: Richard T. Donovan, Stephen N. Joiner, and Joi Leonard, Little Rock, for appellants.

John H. Bell, McCroy, for appellee.

RITA W. GRUBER, Judge.

Appellants, Henry Nichols and Regions Bank, trustees for Alpha Trust, (hereinafter, "Alpha Trust") bring this appeal from the Prairie County Circuit Court's order of summary judgment, determining that a contested portion of Culotches Bay is navigable and subject to public use. Alpha Trust asserts two points on appeal: first, it contends that the trial court erred in granting summary judgment to appellee when appellee did not request summary judgment, and second, it contends that the trial court erred in denying its motion for summary judgment. We affirm the trial court's denial of Alpha Trust's motion for summary judgment, but we hold that the trial court erred in its *sua sponte* grant of summary judgment to appellee and reverse and remand.

Appellee, Culotches Bay Navigation Rights Committee, L.L.C., initiated this case by filing a petition for declaratory judgment of navigability. Appellee contended that Culotches Bay, referred to by the parties as a stream or lake, is and has been a navigable stream for over one hundred years. Culotches Bay is approximately six miles long, and Alpha Trust owns most of the land on both sides of the Bay. The Bay drains into a narrow ditch that is approximately 1.4 miles long, and the ditch empties into the Cache River. Appellee alleged in its petition that Alpha Trust had placed signs at the intersection of the Bay with its property declaring all waters beyond the signs to be the property of Alpha Trust. Appellee sought a declaration as to the navigability, and therefore public or private ownership, of Culotches Bay.

Alpha Trust filed a motion for summary judgment, alleging that the Cache River, by statute, was non-navigable and therefore that the isolated lake on its property was non-navigable. In the brief in support of its motion, Alpha Trust disputed appellee's claim that the Bay had significant recreational value. However, Alpha Trust's principal argument was that, to be navigable, a water course must have a useful capacity as a public highway of transportation, whether or not it was used for recreation. Because the Bay emptied into the Cache River, a non-navigable river, Alpha Trust contended that it could not, as a matter of law, have a useful capacity as a public highway of transportation.

Appellee responded to the motion for summary judgment, citing the supreme court's decision in *State v. McIlroy*, 268 Ark. 227, 595 S.W.2d 659 (1980), for its holding that a water course can be consid-

ered navigable due solely to recreational use. Appellee provided deposition testimony and affidavits that Culotches Bay had been and was being used for recreational purposes.

On July 28, 2008, the trial court entered an order denying Alpha Trust's motion for summary judgment. Several weeks before trial, on August 7, 2008, the trial judge sent a letter to counsel for both parties indicating that it had determined that the contested portion of Culotches Bay was navigable and subject to public use. He asked appellee's counsel to prepare a precedent.

On August 14, 2008, Alpha Trust filed a motion asking the court to reconsider its proposed order finding the disputed portion of Culotches Bay to be navigable. Alpha Trust argued that it disputed whether the Bay had been used for years by the general public and whether it had significant recreational value. Alpha Trust also contended that an order declaring the Bay navigable would be inappropriate because appellee had not filed a motion for summary judgment or a motion to dismiss and thus there was no burden on Alpha Trust to meet proof with proof.

In an order entered September 15, 2008, the trial court noted that it had heard Alpha Trust's motion for summary judgment and that the issue was whether a portion of Culotches Bay was navigable. The court then denied Alpha Trust's motion to reconsider and found that the contested portion of Culotches Bay was navigable and subject to public use. Alpha Trust appealed this order granting summary judgment to appellee and the trial court's earlier order of July 28, 2008, denying Alpha Trust's motion for summary judgment.

## I.

Alpha Trust first contends that the trial court's *sua sponte* summary-judgment order was error as a matter of law because appellee did not file a motion for summary judgment, motion to dismiss, or motion for judgment on the pleadings. Accordingly, Alpha Trust argues that it had no burden to meet proof with proof. We agree.

In support of the court's order of summary judgment, appellee cites *B.G. Coney Co. v. Radford Petroleum Equipment Co.*, 287 Ark. 108, 696 S.W.2d 745 (1985). In that case, the supreme court held that it was not error for the trial court to grant summary judgment to all of the appellees even though some of them had not moved for summary judgment. 287 Ark. at 111, 696 S.W.2d at 748. The court recognized, first, that lack of notice to appellant was not a concern in that case because several appellees had filed motions for summary judgment and, second, that appellant did not object on this basis in the trial court. *Id.* The court stated that it was not required to consider an issue not raised at trial. *Id.*

In *Rogers v. Lamb*, 347 Ark. 102, 60 S.W.3d 456 (2001), the supreme court held that it was error for the trial court to enter an order granting summary judgment to a party in the absence of an appropriate motion requesting such relief, stating that appellee "fail[ed] to offer any argument or authority in support of a court's granting summary judgment in the absence of a proper motion filed pursuant to Ark. R. Civ. P. 56." The court also indicated that it was convinced that genuine issues of material fact remained in dispute.

This court followed the supreme court's holding in *Rogers* in *2200 Commercial Street Warehousing, L.L.C. v. Hastings Development Co.*, 98 Ark.App. 316, 255 S.W.3d 488 (2007), and reversed the trial court's *sua sponte* grant of summary judgment. We reasoned that the order de-

prived appellant of the opportunity to meet proof with proof and demonstrate that issues of material fact remained to be decided. We distinguished the supreme court's decision in *B.G. Coney Co.,* stating that there was no waiver of the issue in the trial court—as in this case, the appellant in *2200 Commercial Street Warehousing, L.L.C.* objected in the trial court to the *sua sponte* entry of summary judgment— and there was no co-party motion for summary judgment by a party with the same legal position to put appellant on notice that it was required to meet proof with proof in response.

While Alpha Trust did file a motion for summary judgment in this case on the issue of navigability, it was not on notice that it needed to meet proof with proof on all of the elements relating to navigability—specifically, the amount and significance of the recreational use of Culotches Bay. Alpha Trust's motion and evidence primarily concerned the non-navigability of the Cache River and the effect of that fact on the navigability of Culotches Bay. In response to Alpha Trust's motion for summary judgment, appellee argued that the supreme court's decision in *State v. McIlroy,* 268 Ark. 227, 595 S.W.2d 659 (1980), changed the law by holding that recreational use alone could constitute navigability. Appellee then provided affidavits and deposition testimony to demonstrate recreational use on Culotches Bay.

Alpha Trust responded, arguing that recreational use alone did not render a lake navigable and that *McIlroy* did not eliminate the requirement set forth in *Parker v. Moore,* 222 Ark. 811, 814, 262 S.W.2d 891, 893 (1953), that, to be navigable, the water course must "have a useful capacity as a public highway of transportation." Because appellee was merely responding to Alpha Trust's motion for summary judgment and did not file a cross-motion for summary judgment, Alpha Trust was not on notice that it needed to meet proof with proof on all potential elements of navigability. Its position was that recreational use alone could not, as a matter of law, render a lake navigable. Therefore, we hold that the trial court's *sua sponte* grant of summary judgment to appellee was error.

## II.

■ For its second point on appeal, Alpha Trust asserts that the trial court erred in denying its motion for summary judgment. Although an order denying a motion for summary judgment is generally not appealable because it is an interlocutory order, we will review certain interlocutory orders in conjunction with the appeal of a final judgment. *Zulpo v. Farm Bureau Mutual Ins. Co.,* 98 Ark.App. 320, 255 S.W.3d 494 (2007). In *Zulpo* we reviewed an order denying summary judgment in conjunction with the appeal of an order granting summary judgment. Because the trial court's order granting summary judgment in this case was a final order terminating the proceeding below, we will review the court's denial of Alpha Trust's motion for summary judgment. We review an order denying a motion for summary judgment for abuse of discretion. *Karnes v. Trumbo,* 28 Ark.App. 34, 41, 770 S.W.2d 199, 202–03 (1989).

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Riverdale Dev. Co. v. Ruffin Bldg. Sys. Inc.,* 356 Ark. 90, 95, 146 S.W.3d 852, 854 (2004). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Pugh v. Griggs,* 327 Ark. 577, 581, 940 S.W.2d 445, 447 (1997).

■ Alpha Trust argues that one of the elements appellee must prove to establish navigability is that Culotches Bay is part of a public highway of transportation. It argues that merely proving that the Bay is used by the public for recreation is not sufficient without also establishing this element of transportation. It contends that *McIlroy* did not hold that recreational use alone is sufficient to render a body of water navigable. In support of its position, Alpha Trust quotes the following language from *Arkansas River Rights Committee v. Echubby Lake Hunting Club*, 83 Ark.App. 276, 286–87, 126 S.W.3d 738, 744 (2003): "obviously, the occasional foray by a fisherman into an area does not render it navigable; if that were so, every creek and pond in the state would be navigable." Accordingly, Alpha Trust contends that, as a matter of law, appellees have failed to demonstrate navigability and therefore the trial court abused its discretion in denying Alpha Trust's motion for summary judgment.

■ We disagree with Alpha Trust's interpretation of *McIlroy*. "Determining the navigability of a stream is essentially a matter of deciding if it is public or private property." *Arkansas River Rights Committee*, 83 Ark.App. at 285, 126 S.W.3d at 743 (citing *State v. ₁₈McIlroy*, 268 Ark. 227, 595 S.W.2d 659 (1980)). In *Arkansas River Rights Committee* we quoted the traditional definition of navigability regarding the usefulness to the public of the water "as a means of carrying off the products of their fields and forests, or bringing them articles of merchandise" and then noted that this definition was expanded by the supreme court in *McIlroy*. *Id.* at 286, 126 S.W.3d at 744. We stated that, under *McIlroy*, it was apparent that navigability could be established by recreational usefulness as well as commercial usefulness. The partial quotation from *Arkansas River*

*Rights Committee* relied upon by Alpha Trust states in full as follows:

> Admittedly, there is nothing in the record at this point to show that the level of recreational use in the Echubby areas compares with the extensive use of the Mulberry River in *McIlroy*, and obviously, the occasional foray by a fisherman into an area does not render it navigable; if that were so, every creek and pond in the state would be navigable.

83 Ark.App. at 286–87, 126 S.W.3d at 744. The issue in that case was not transportation but the amount of recreational use. Moreover, in *State v. Hatchie Coon Hunting & Fishing Club, Inc.*, 372 Ark. 547, 556, 279 S.W.3d 56, 62 (2008), the supreme court cited *McIlroy* for its holding "extending definition of navigable waters to those waters suited only for recreational purposes."

Thus, we hold that it was not an abuse of discretion for the circuit court to deny Alpha Trust's motion for summary judgment. However, we reverse and remand the trial court's order granting summary judgment in accordance with Part I of this opinion.

Reversed and remanded in part; affirmed in part.

PITTMAN and ROBBINS, JJ., agree.