The Honorable Eddie Joe Williams State Senator
401 Cobblestone Drive Cabot, Arkansas 72023
Dear Senator Williams:
You have requested my opinion on questions concerning Plum Bayou. Your request recites various facts and poses these questions:
 1. Is Plum Bayou a navigable waterway under Arkansas or federal law?
 2. Who owns the body of water in Plum Bayou?
 3. Does the public have the right to use Plum Bayou for recreational purposes?
 4. Do the cases of [State v.] McIlroy, 268 Ark. 227, 595 S.W.2d 659 (1980) or [State v.] Hatchie Coon Hunting [ Fishing] Club[, Inc., 372 Ark. 547,] 279 S.W.3d 56 (2008) affect your responses to the above questions?
RESPONSE
For the reasons explained below, I am unable to answer any of your questions.
Question 1 — Is Plum Bayou a navigable waterway underArkansas or federal law?
Navigability is a question of fact under both Arkansas and federal law. Arkansas River Rights Comm'n v. Echubby Lake HuntingClub, 83 Ark. App. 276, 126 S.W.3d 738 (2003); *Page 2 Goforth v. Wilson, 208 Ark. 35, 184 S.W.2d 814 (1945);Crowell v. Benson, 285 U.S. 22 (1932). This office is not charged or equipped to act as a finder of fact in issuing opinions, and it accordingly has long declined, as I must here, to opine on questions of navigability. E.g., Op. Att'y Gen. 2007-243, 92-193.
Question 2 — Who owns the body of water in Plum Bayou?
"Determining the navigability of a stream is essentially a matter of deciding if it is public or private property." State v.McIlroy, 268 Ark. 227, 234, 595 S.W.2d 659 (1980), quoted inNichols v. Culotches Bay Navigation Rights Comm., L.L.C.,2009 Ark. App. 365, at 7, 309 S.W.3d 218, and Echubby Lake,83 Ark. App. at 285. Put another way, questions of navigability and ownership are actually a single question, one of fact that I must decline to answer.
Question 3 — Does the public have the right to use Plum Bayoufor recreational purposes?
The public's right to use a body of water depends on whether it is navigable.[1] "If water is navigable, members of the public have the right to use the water at any point below the high-water mark."State v. Hatchie Coon Hunting Fishing Club, Inc.,98 Ark. App. 206, 223, 254 S.W.3d 11 (2007). Conversely, as a general rule, the public has no right to use a stream that is not navigable. E.g., McIlroy, supra.[2] *Page 3 
This question being essentially the same as the previous questions, I again must decline to answer.
Question 4 — Do the cases of [State v.] McIlroy,268 Ark. 227, 595 S.W.2d 659 (1980) or [State v.] HatchieCoon Hunting [ Fishing] Club[, Inc.,372 Ark. 547,] 279 S.W.3d 56 (2008) affect your responses to theabove questions?
The law discussed in the cases you cite may be relevant to questions about ownership and public use of a particular body of water. McIlroy's expansion of navigability to bodies of water that have "recreational value, but lack[] commercial adaptability in the traditional sense" seems likely to be relevant to (but not necessarily determinative of) the status of a stream like Plum Bayou. McIlroy, 268 Ark. at 236. The potential applicability of the Supreme Court's decision in HatchieCoon, to the effect that the state may occupy an island in a navigable stream by taking action to submerge it, and may acquire the submerged land by adverse possession, is less clear.[3]
In any event, navigability is the ultimate issue underlying each of your questions. Being unable to answer this question of fact, I am also unable to determine how, if at all, the law discussed in these cases would be applied in this instance.
I regret I could not be of more assistance in this matter.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
[1] "[I]n some circumstances a person or the public may acquire a prescriptive right to use real property. See, e.g., Meyers v.Yingling, 372 Ark. 523, 279 S.W.3d 83 (2008). Prescriptive easements usually amount to a right to use another's land for travel only. See, e.g., Cook v. Ratliff,104 Ark. App. 335, 292 S.W.3d 839 (2009). At least one authority would limit prescriptive easements to that use. See Carson v. DrewCounty, 354 Ark. 621, 128 S.W.3d 423 (2003) (Glaze, J., dissenting). Others would not and do not. See, e.g., Echubby[Lake, supra] (state's permanent flooding of land may create public prescriptive right of access to hunting and fishing area);Carson, supra (public prescriptive easement included parking area); Op. Att'y Gen. 2000-307 (facts and circumstances may result in public prescriptive easement for hunting). The existence of a prescriptive easement is a fact-intensive question. See, e.g.,Carson, supra. I state no opinion on the existence or absence of any prescriptive easement with respect to the [body of water] at issue."
Op. Att'y Gen. 2010-069. The substance of this quotation is equally applicable here.
[2] See Op. Att'y Gen. 2010-069 for a discussion of some exceptions to the general rule.
[3] Hatchie Coon did cite McIlroy, parenthetically characterizing the latter as "extending definition of navigable waters to those waters suited only for recreational purposes," so it may be that your question refers to that aspect of the opinion.Hatchie Coon, 372 Ark. at 556.
 *Page 1