Cite as 2023 Ark. 34

# SUPREME COURT OF ARKANSAS
No. CV-22-281

| | |
|---|---|
| A-1 RECOVERY TOWING AND RECOVERY, INC.<br><br>APPELLANT<br><br>V.<br><br>LARRY WALTHER, SECRETARY OF THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION<br><br>APPELLEE | **Opinion Delivered:** March 9, 2023<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-21-961]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><br><br>REVERSED AND REMANDED. |

**ROBIN F. WYNNE, Associate Justice**

A-1 Recovery Towing & Recovery, Inc., appeals from an order of the Pulaski County Circuit Court affirming the decision of the Arkansas Department of Finance and Administration (DFA) concerning adjustments made by DFA to A-1's taxable income and to its shareholders' accounts for tax years 2013 through 2017. For reversal, A-1 argues that the circuit court erred in affirming DFA's decision based on its erroneous interpretation of Arkansas Code Annotated section 26-18-406, which provides that a suit in circuit court to contest a DFA assessment "shall be tried de novo." We reverse and remand.

In early 2020, A-1 initiated an administrative proceeding pursuant to the Arkansas Tax Procedure Act, Arkansas Code Annotated section 26-18-101 et seq. (Repl. 2020), to protest proposed assessments by DFA. After the hearing officer sustained the assessments, A-1 timely filed a complaint and amended complaint against Larry Walther, Secretary of DFA,

in the Pulaski County Circuit Court under section 26-18-406. DFA answered the amended complaint, and both parties filed pretrial briefs in accordance with the briefing schedule set by the circuit court. While A-1 attached several exhibits to its pretrial brief, DFA did not. In its brief, A-1 reserved the right to present additional evidence at trial. Neither party filed any dispositive motion, and the circuit court did not hold a hearing.

On February 22, 2022, the circuit court sua sponte entered an order stating in full:

> On this day came on for consideration Plaintiff's Amended Complaint filed on February 8, 2021. The court finds that the decision of the Arkansas Department of Finance & Administration should be and is hereby affirmed.

A-1 then filed a "Motion to Set Aside the Order of Dismissal and for New Trial." In this motion, A-1 argued that the order was erroneously entered as no party had requested it and that it deprived A-1 of its right to a trial de novo under section 26–18-406. The circuit court denied the motion, and A-1 timely appealed.

For its sole point on appeal, A-1 argues that the circuit court erred in affirming DFA's decision without affording it a trial de novo. This court reviews a circuit court's decision in a tax case de novo. *Rent-A-Ctr. E., Inc. v. Walther*, 2021 Ark. 10, at 5, 615 S.W.3d 701, 703. We also review issues of statutory interpretation de novo, as it is this court's responsibility to determine what a statute means. *Id.*

Under the Tax Procedure Act, a taxpayer may file suit in the circuit court to contest a DFA assessment or determination, "where the matter shall be tried de novo." Ark. Code Ann. § 26-18-406(c)(1)(A); *Douglas Cos., Inc. v. Walther*, 2020 Ark. 365, at 5, 609 S.W.3d 397, 400. Further, section 26-18-406(c)(3) provides that "[a] presumption of correctness or weight of authority shall not attach to a final assessment or decision of the secretary in a trial

2

de novo or an appeal under this section." The Tax Procedure Act does not define "trial de novo." But this court has explained in a different context that trial de novo "simply means that the whole matter is opened up for consideration by the circuit court as if the proceeding had been originally brought in that court." *Jones v. Reed*, 267 Ark. 237, 248, 590 S.W.2d 6, 13 (1979).

A-1 argues that the circuit court's entry of an order disposing of this case "at this early stage of the proceeding"—without either party filing a motion requesting that the circuit court rule short of a full trial—deprived it of the trial de novo required under section 26-18-406. The proposition that circuit courts can decide cases brought under section 26-18-406 without holding a full trial on the merits is not in dispute. Circuit courts regularly decide cases brought under the Tax Procedure Act after the filing of motions to dismiss or motions for summary judgment. *E.g.*, *Rent-A-Center E., Inc.*, 2021 Ark. 10, 615 S.W.3d 701 (cross-motions for summary judgment); *Douglas Cos., Inc.*, 2020 Ark. 365, 609 S.W.3d 397 (cross-motions for summary judgment); *Am. Honda Motor Co. v. Walther*, 2020 Ark. 349, 610 S.W.3d 633 (cross-motions for summary judgment); *Walther v. FLIS Enters., Inc.*, 2018 Ark. 64, 540 S.W.3d 264 (cross-motions for summary judgment); *McNeil v. Weiss*, 2011 Ark. 46, 378 S.W.3d 133 (motion to dismiss). A-1 acknowledges in its briefing that tax cases can be decided on dispositive motions. In fact, the cases A-1 cites to support its contention that it is entitled to a trial de novo under section 26-18-406—*Douglas*, *FLIS Enterprises*, and *American Honda*—were all decided after hearings on cross-motions for summary judgment.

The issue, then, is not whether the circuit court erred by not giving A-1 a full trial, but whether it properly considered A-1's case as if it had been originally brought in that court. By sua sponte affirming DFA's decision, the circuit court essentially granted summary judgment in favor of DFA in the absence of a dispositive motion. In its order, the circuit court made no findings of fact or conclusions of law, so it is unclear on what grounds the circuit court made its ruling. No dispositive motion—motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment—was filed. Preparation for trial was ongoing. The parties were completing discovery. And A-1 had specifically reserved the right to present additional evidence in its pretrial brief.

This court has repeatedly reversed circuit court orders sua sponte disposing of cases on the merits in the absence of dispositive motions. In *Rogers v. Lamb*, 347 Ark. 102, 60 S.W.3d 456 (2001), this court reversed a circuit court's sua sponte order resolving the merits of the case in the absence of a motion to dismiss or motion for summary judgment. We reasoned that

> [p]rior to the court's ruling, neither party was afforded the opportunity to introduce evidence or witness testimony in support of their positions. Moreover, since [appellee] neither filed a motion for summary judgment, a motion to dismiss, or a motion for judgment on the pleadings, there was no resulting burden on [appellant] to 'meet proof with proof,' nor was there any impetus for the court to decide the case *sua sponte*. *See Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 359, 824 S.W.2d 387, 388 (1992) (requiring opponent to meet proof with proof, by showing a material issue of fact, once moving party makes *prima facie* showing of entitlement to summary judgment).

*Id.* at 104, 60 S.W.3d at 457.

Similarly, in *Matsukis v. Joy*, 2010 Ark. 403, at 11–12, 377 S.W.3d 245, 251, this court reversed a circuit court's sua sponte dismissal, which it converted to a summary-

judgment proceeding by considering matters outside the pleadings. In *Matsukis*, the circuit court granted summary judgment in favor of appellees without appellees having filed a motion for summary judgment. *Id.* at 8, 377 S.W.3d at 250. We concluded that the circuit court's "actions were in error because it converted the matter to a summary-judgment proceeding without putting Appellants on notice that they would need to meet Appellees' proof with their own." *Id.* at 11, 377 S.W.3d at 251; *see also Nichols v. Culotches Bay Navigation Rights Comm., L.L.C.*, 2009 Ark. App. 365, 309 S.W.3d 218 (reversing sua sponte grant of summary judgment in the absence of a motion for summary judgment, motion to dismiss, or motion for judgment on the pleadings); *2200 Commercial St. Warehousing, L.L.C. v. Hastings Dev. Co., Inc.*, 98 Ark. App. 316, 255 S.W.3d 488 (2007) (reversing sua sponte grant of summary judgment in favor of defendant where only plaintiff filed motion for summary judgment).

To support its argument that the circuit court gave A-1 a trial de novo, DFA points to other tax cases resolved without a trial, including *McNeil*, *Rent-A-Center*, *Douglas*, and *American Honda*. However, as we noted above, these cases were decided on a motion to dismiss or cross-motions for summary judgment. They do not support the conclusion that a circuit court can sua sponte dispose of a case when conducting a trial de novo under section 26-18-406. DFA also contends that there is no evidence in the record that the circuit court relied on or gave deference to the hearing officer's decision. Because the circuit court affirmed DFA's decision without stating the basis for its ruling, we cannot determine if the circuit court relied on or deferred to the hearing officer's decision. But whether the circuit court relied on the hearing officer's decision does not resolve the issue here: whether the

circuit court deprived A-1 of a trial de novo when it ruled sua sponte without a dispositive motion or a hearing.

We hold that the circuit court failed to follow section 26-18-406 when it affirmed DFA's decision sua sponte. The circuit court was required under section 26-18-406(c) to try this case de novo—as if the case had originally been brought in that court—without attaching a presumption of correctness or weight of authority to DFA's determination. But the circuit court simply affirmed DFA's decision without providing any reasoning for its ruling; without either party filing a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment; and without allowing A-1 to present additional evidence. In short, A-1 was not afforded the opportunity to meet proof with proof prior to the circuit court's ruling. *See Rogers*, 347 Ark. at 104, 60 S.W.3d at 457, *Matsukis*, 2010 Ark. 403, at 11, 377 S.W.3d at 251. Accordingly, we reverse and remand to the circuit court for further proceedings.

Reversed and remanded.

WOMACK, J., concurs without opinion.

BAKER, WOOD, and WEBB, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I must respectfully dissent from the majority's opinion because I do not agree that the circuit court's order should be reversed and remanded. As stated in A-1's brief, A-1's argument on appeal is that the circuit court erred in affirming the decision of DFA without affording A-1 a trial de novo, which it is entitled to under Ark. Code Ann. § 26-18-406. Rather than addressing the point on appeal as presented, the majority reframes the issue as follows: "The issue, then, is not whether the

circuit court erred by not giving A-1 a full trial, but whether it properly considered A-1's case as if it had been originally brought in that court." I disagree with the majority's decision to reframe the issue before us. A-1 repeatedly takes the position that the circuit court did not allow A-1 to present evidence in support of its claims at a "full trial" and prematurely affirmed DFA's decision. First, A-1 notes that it filed a motion below to set aside the order of dismissal and for new trial, alleging that the circuit court erroneously entered the order because neither party filed a motion requesting that the court affirm "short of a full trial." Second, A-1 asserts that the parties had submitted their briefs to the circuit court and had proceeded with discovery and preparation "in anticipation of a trial setting." Finally, A-1 states that it was given "no opportunity to present evidence in support of its claims at a trial as it was entitled to do." Accordingly, the majority has reframed A-1's argument into one that A-1 has not made.

Next, the majority states that "by sua sponte affirming DFA's decision, the circuit court essentially granted summary judgment in favor of DFA in the absence of a dispositive motion." While A-1 characterizes the circuit court's February 22, 2022 order as sua sponte in its opening brief, there is no citation to authority or development of an argument regarding the sua sponte nature of the order. Despite the lack of research and development of this argument, the majority launches into a review of our cases reversing sua sponte circuit court orders. This court should not address an issue that was not properly developed. *See Gray v. Thomas-Barnes*, 2015 Ark. 426, 474 S.W.3d 876 (stating we will not address issues on appeal that are not appropriately developed, and we will not research or develop an

7

argument for an appellant). In sum, because I disagree with the majority's decision to reframe the issue on appeal and to develop arguments for A-1, I must respectfully dissent.

WOOD and WEBB, JJ., join.

*Stephen L. Curry*; and *Wingfield & Corry, P.A.*, by: *Nicolas Corry* and *Petra Bailey*, for appellant.

*Bradley B. Young* and *Caroline Calvert*, Office of Revenue Legal Counsel, for appellee.