Cite as 2020 Ark. 365

# SUPREME COURT OF ARKANSAS

No. CV-19-918

| | |
|---|---|
| DOUGLAS COMPANIES, INC.; MERRITT WHOLESALE DISTRIBUTORS, INC.; MERCHANTS WHOLESALE DISTRIBUTORS, INC.; IMPERIAL TRADING CO., LLC; HARRISON GROCER, INC., DBA PIPPIN WHOLESALE CO.; HARRISON CO., LLC; AND GLIDEWELL DISTRIBUTING CO.<br><br>APPELLANTS<br><br>V.<br><br>LARRY WALTHER, DIRECTOR, ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION<br>APPELLEE | Opinion Delivered: November 5, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-17-3384]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br><br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

This is a tax refund case concerning Arkansas's excise tax on tobacco products other than cigarettes. The Pulaski County Circuit Court decided this case on cross-motions for summary judgment, ruling for appellee Larry Walther, as Director of the Arkansas Department of Finance and Administration (DF&A),[1] and dismissing appellants' claims for refund. Appellants contend that they are entitled to a full or partial refund of the $3,223,200.58 they paid in excise taxes to the state during the time period in question. We

---

[1]We note that the Transformation and Efficiencies Act of 2019, Act 910 of 2019, redesignated the Director of DF&A as the Secretary of DF&A. Ark. Code Ann. § 25-43-108(d)(6) (Supp. 2019).

affirm.

*Background*

Appellants are seven companies[2] that allege that they overpaid Other Tobacco Products (OTP) taxes from November 2011 through August 2013. Appellants are licensed wholesalers of tobacco products in Arkansas; they sell OTP to retailers. Appellants purchase OTP from United States Smokeless Brands, Inc. ("USB"), which purchases OTP from United States Smokeless Tobacco Company ("UST"). USB is a wholly owned subsidiary of UST, and the parties agree that UST was a "manufacturer" within the meaning of the statute. *See* Ark. Code Ann. § 26-57-203(18)(A) (Supp. 2011) ("Manufacturer" means a person that manufactures, fabricates, assembles, or processes a tobacco product.).

During the relevant time period, the excise taxes levied on OTP pursuant to the Arkansas Tobacco Products Tax Act of 1977 amounted to 68 percent of the "manufacturer's selling price." Ark. Code Ann. §§ 26-57-208 (16 percent); 26-57-803 (7 percent); 26-57-805 (7 percent); 26-57-807 (36 percent); and 26-57-1102 (2 percent). Appellants sought a refund of their alleged overpayment of OTP taxes following a statutory

---

[2]Appellants are Douglas Companies, Inc.; Merritt Wholesale Distributors, Inc.; Merchants Wholesale Distributors, Inc.; Imperial Trading Co., LLC; Harrison Grocer Inc., d/b/a Pippin Wholesale Co.; Harrison Co., LLC; and Glidewell Distributing Co. The cases were filed separately in circuit court. However, appellants were represented by the same counsel below, and the cases presented the same question of law and fact. *See* Ark. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays." By agreement of the parties, the circuit court consolidated the seven cases.

change.  In Act 631 of 2013, the General Assembly amended Arkansas Code Annotated

section 26-57-203(26) to read as follows:

>   (26)(A) "Sales entity affiliate" means an entity that:

>   (i) Sells cigarettes <u>or other tobacco products</u> that the entity acquires directly from a manufacturer or importer; and

>   (ii) Is affiliated with the manufacturer or importer from which the entity acquires the cigarettes <u>or other tobacco products</u>.

(Underlining indicates language added.)  Both before and after Act 631, Arkansas Code

Annotated section 26-57-203(26)(B) provided that a "'[s]ales entity affiliate' includes entities

in a relationship in which one (1) entity directly or indirectly through one (1) or more

intermediaries controls, is controlled by, or is under common control with the other entity."

Crucially, the statutory definition of "manufacturer" includes "a sales entity affiliate of the

manufacturer."  *See* Ark. Code Ann. § 26-57-203(18)(B).  The parties agree that UST is the

entity that actually manufactured the OTP and was thus a "manufacturer" under section 26-

57-203(18)(A).  The crux of this appeal is the status of USB and appellants as "sales entity

affiliates" (manufacturers) or wholesalers and the tax applied to the years at issue.

Appellants filed suit in circuit court under the Arkansas Tax Procedure Act, Arkansas

Code Annotated section 26-18-406, after losing an administrative appeal of the denial of

their refund claims.  In the complaints, they alleged that the proper "manufacturer's selling

price" for the purpose of calculating the OTP taxes is the price paid when UST, the

manufacturer, sold the OTP to USB.  Appellants contended that they erroneously paid the

OTP taxes on the higher price that USB charged when it sold the OTP to appellants.  Citing

the definition of "sales entity affiliate" in Arkansas Code Annotated section 26-57-203(26) (Supp. 2011), appellants contended that the definition only included entities that sold cigarettes, not OTP, and further contended that the OTP taxes should have been calculated on the lower manufacturer's price (UST to USB) rather than the higher USB "distributor prices" charged to appellants. Appellants sought (1) declaratory relief in the form of a judgment that they overpaid OTP taxes between November 1, 2011, and August 15, 2013, and were therefore entitled to a monetary judgment in the amount of overpayment, plus interest, and (2) an order for recovery of the overpaid OTP taxes plus interest, reasonable attorney's fees, and costs.

Appellants filed a motion for summary judgment and brief in support. DF&A responded to appellants' motion for summary judgment and filed a cross-motion for summary judgment and brief in support. On July 12, 2019, the circuit court held a hearing on the motions. The circuit court subsequently entered an amended memorandum order denying appellants' motion for summary judgment and dismissing their claims for refund. In that same order, the circuit court granted DF&A's cross-motion for summary judgment in part (as to the merits of its motion) and denied it in part (as to DF&A's challenge to subject-matter jurisdiction).[3] This appeal followed.

*Standard of Review*

---

[3]The amended order was entered nunc pro tunc to August 12, 2019, to correct the omissions of a party name in the style of the case and of two case numbers.

4

A taxpayer may seek judicial relief from a final determination denying a claim for refund by filing suit in circuit court, "where the matter shall be tried de novo." Ark. Code Ann. § 26-18-406(c)(1) (Supp. 2019). This court reviews a circuit court's decision in a tax case de novo. *Walther v. FLIS Enters., Inc.*, 2018 Ark. 64, at 5, 540 S.W.3d 264, 268. We also review issues of statutory interpretation de novo, as it is this court's responsibility to determine what a statute means. *Id.*

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P. 56; *Washington Cty. v. Bd. of Trs. of the Univ. of Ark.*, 2016 Ark. 34, at 3, 480 S.W.3d 173, 175. "When parties file cross-motions for summary judgment, as was done in this case, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. As to issues of law presented, our review is de novo." *Id.* (citing *State v. Cassell*, 2013 Ark. 221, at 4–5, 427 S.W.3d 663, 666).

*Arguments on Appeal*

Appellants present the following points on appeal: (1) the Tobacco Tax Statutes' definition of manufacturers and wholesalers dictates who pays the Tobacco Tax; (2) the Administrative Law Judge (ALJ) ruled that Ark. Code Ann. § 26-57-203(26)(A) and (B) are separate and distinct definitions of a sales entity affiliate, but (A) and (B) should be construed together; and (3) if this court accepts the ALJ's construction that (A) and (B) are separate and distinct definitions of sales entity affiliates, then appellants are sales entity affiliates/manufacturers (not wholesalers) and are entitled to a full refund. These points are

5

intertwined and assert that the circuit court erred in its interpretation of section 26-57-203(26).  As noted above, our review is de novo; furthermore, it is directed to a review of the circuit court's ruling, and appellants' focus on the ALJ's ruling is misplaced.  As set out below, we reframe appellants' arguments to address their entitlement to a partial or full refund.

*Partial Refund*

Appellants argue on appeal that they are entitled to a partial refund of the taxes at issue because the statutory definition of "sales entity affiliate" was limited to entities that acquire *cigarettes* from manufacturers or importers—not those that acquire OTP. Essentially, appellants argue that USB was not a manufacturer under the statute, and the taxes should have been calculated based on the sales price of OTP from UBT (the manufacturer) to USB. Arkansas Code Annotated section 26-57-203(26) (Supp. 2011) provides:

> (A) "Sales entity affiliate" means an entity that:
>
> (i) Sells cigarettes the entity acquires directly from a manufacturer or importer; and
>
> (ii) is affiliated with the manufacturer or importer from which the entity acquires the cigarettes.
>
> (B) "Sales entity affiliate" includes entities in a relationship in which one (1)entity directly or indirectly through one (1) or more intermediaries controls, is controlled by, or is under common control with the other entity.

Appellants contend that subdivisions (A) and (B) are not separate and distinct definitions of sales entity affiliate but instead should be read together so that subdivision (B) defines and

6

limits the scope of "affiliated with" in subdivision (A)(ii) to entities that the manufacturer directly or indirectly controls. Under this interpretation, USB is not a "sales entity affiliate" (and deemed manufacturer) because section 26-57-203(26) applied only to the sale of cigarettes for the years in question and the transactions at issue in this case involve only the sale of "tobacco products other than cigarettes." Appellants write:

> The Tobacco Tax is calculated on the "manufacturer's" selling price. If this Court concludes that Ark. Code Ann. § 26-57-203(26)(A) and (B) are construed together, then the correct "manufacturer's selling price" used to determine the amount of the tax is the price UST (manufacturer) charged USB (wholesaler) instead of the price USB (wholesaler) charged Appellants (wholesaler). Accordingly, Appellants are entitled to a partial refund measured by the difference between the manufacturer's selling price UST charged USB and the higher price USB charged Appellants multiplied by the applicable tax rate.

This is the claim asserted in the complaints and one of the arguments appellants made in their motion for summary judgment and supporting brief. DF&A responds that the issue whether Arkansas Code Annotated section 26-57-203(26)(A) and (B) should be construed as separate definitions or read together is not preserved for appellate review because the circuit court never ruled on it. We agree. The circuit court did not cite the statute in question or analyze the definition of sales entity affiliate in its order. In granting DF&A's motion for summary judgment, the circuit court found that USB was a manufacturer:

> Petitioners argue that USB "is not a 'manufacturer' because it was not a 'sales entity affiliate' for purposes of 'tobacco products other than cigarettes,'" but "would be a statutory 'wholesaler' because 'wholesaler' 'means a person other than a manufacturer'" (citing Ark. Code Ann. § 26-57-203(33)(A).
>
> However, the Court cannot accept that argument as (1) factually credible or (2) legally correct. The record is clear that Petitioners agreed that they are wholesalers. Each Petitioner· is a licensed wholesaler of cigarettes and OTP.

Furthermore, no Petitioner fits the definition of "manufacturer" under the ATPTA. Ark. Code Ann. §§ 26-57-203(16)(A) and (8) reads:

> (A) "Manufacturer" means a person that produces a tobacco product for sale, including without limitation importers and distributors that deal in tobacco products as manufacturers and that are required under this subchapter to sell only to licensed wholesalers or licensed retailers in the state.

> (B) "Manufacturer" includes a sales entity affiliate of the manufacturer.

None of the Petitioners produces any tobacco product. However, . . . Petitioners argue they should each be deemed a "sales entity affiliate" of UST and thus a "statutory manufacturer" because the definition of "sales entity affiliate" before the 2013 amendment to the ATPTA applied only to cigarettes and did not include "other tobacco products" (OTP). Because Petitioners sell OTP rather than cigarettes, they argue they are entitled to full refund of taxes paid on OTP.

This argument defies the actual facts surrounding the business realities in this case. It is undisputed that UST manufactures OTP. USB, its wholly-owned subsidiary, distributes OTP to Petitioners. Petitioners sell the OTP to retailers, the vendors from whom OTP are purchased by consumers. The argument that Petitioners are "manufacturers" of OTP, either directly or based on the idea they are each a "sales entity affiliate" of UST is, to put it charitably, fictitious, if not absurd.

On this record, we agree with DF&A that the circuit court did not address the section 26-57-203(26)(A)–(B) claims. The circuit court cited the 2013 amendment to section 26-57-203(26)(A)–(B) in its discussion but did not cite or analyze the statutory language at issue in this appeal, Arkansas Code Annotated section 26-57-203(26)(A)–(B) (Supp. 2011). We note that after the circuit court entered its order dismissing appellants' claims on August 12, 2019, appellants filed a motion pursuant to Rule 60 to amend the order to correct the omission of one party that was not named in the style of the case and the omission of two case numbers.

Appellants did not request that the court address the applicable statute or their argument in the requested amended order. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal, and the failure to obtain a ruling precludes our review on appeal. *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, at 9, 427 S.W.3d 651, 657. Therefore, because appellants failed to obtain a ruling, we do not reach the merits of this point and affirm the circuit court.

*Full Refund*

Finally, appellants argue that if Arkansas Code Annotated section 26-57-203(26)(A) and (B) are construed as being separate and distinct, stand-alone definitions of "sales entity affiliate"--as DF&A has argued--then appellants are sales entity affiliates of USB under subdivision (A). Appellants reason that they are "affiliated with" manufacturer USB due to their contractual relationships, and without subdivision (B)'s requirement of direct or indirect control, appellants themselves are sales entity affiliates and thus manufacturers under the statute. Citing Arkansas Code Annotated section 26-57-805(b),[4] appellants argue

---

[4]That section provides:

(b)(1) The tax levied by this section shall be reported and paid by wholesalers that shall be licensed under § 26-57-214.

(2) However, unless a retailer has confirmed and establishes by clear and convincing evidence that the tax levied under this section has been paid previously on the tobacco products, the retailer is liable for reporting and paying this tax when the retailer obtains tobacco products from a person other than a wholesaler licensed under § 26-57-214.

Ark. Code Ann. § 26-57-805.

9

that as statutory manufacturers, they are not liable for the OTP taxes and are entitled to a full refund. However, as DF&A argues and as the circuit court found, this "statutory manufacturer" argument and claim for a full refund was not included in the complaints but appeared for the first time in appellants' motion for summary judgment. This court has stated that it would be erroneous for a circuit court, on a motion for summary judgment, to consider any issues raised for the first time in a party's briefs or exhibits. *Eldridge v. Bd. of Corr.*, 298 Ark. 467, 768 S.W.2d 534 (1989); *see also City of Barling v. Fort Chaffee Redev. Auth.*, 347 Ark. 105, 60 S.W.3d 443 (2001); *Jones v. Flowers*, 359 Ark. 443, 448–49, 198 S.W.3d 520, 523 (2004), *rev'd on other grounds*, 545 U.S. 1165 (2005). It stands to reason that a party cannot, in a motion for summary judgment, make an entirely new claim for relief that was not asserted in its complaint. The circuit court did not err in denying appellants' motion for summary judgment and granting DF&A's cross-motion for summary judgment as to this claim. We affirm the circuit court on this point.

Affirmed.

HART, WOOD, and WOMACK, JJ., concur.

**JOSEPHINE LINKER HART, Justice, concurring.** The circuit court did not err in finding that appellants were not entitled to a refund. I write separately because I disagree that this holding requires resorting to procedural bars and further extending our preservation jurisprudence.

At all times during this lawsuit--including the proceedings before the administrative law judge (ALJ) in the Department of Finance and Administration (DF&A)--the "issue" was

the legal status of the various entities in the chain of distribution of smokeless-tobacco products and whether reconsidering the status would entitle the appellants to a tax refund based on the overpayment of taxes. These entities included the named appellants, as well as United States Tobacco (UST) and United States Tobacco Brands (USB). The majority correctly notes that there were no facts in dispute; deciding this case was solely a matter of statutory interpretation.

Statutory interpretation was undertaken both at the administrative level and in the circuit court. At both levels, the decisions were equivalent: each noting that during the relevant time period, the appellants were wholesalers not statutory manufacturers. I say that the decisions were "equivalent" because the ALJ found that USB was a "sales entity affiliate" to UST, which made USB a statutory manufacturer. The circuit court found that USB was a wholly owned subsidiary of UST that "distributes [other tobacco products] to Petitioners." Under the Arkansas tobacco-tax statutes, "distributors" are statutory manufacturers. Ark. Code Ann. § 26-57-203(18)(A). The statute states:

> (i) "Manufacturer" means a person that produces a tobacco product for sale, including without limitation importers and distributors that deal in tobacco products as manufacturers and that are required under this subchapter to sell only to licensed wholesalers or licensed retailers in the state.

However, both the ALJ and the circuit court acknowledged that appellants were licensed wholesalers. At least implicit in each decision was a recognition that through appellants' own declarations that they were wholesalers, assertions that were supported by undisputed facts, their status was properly recognized by DF&A when it levied taxes against them. The version

11

of Arkansas Code Annotated section 26-57-203 (Supp. 2012) in force at the time in question defined wholesaler as follows:

> (33)(A) "Wholesaler, means a person other than a manufacturer or person owned or operated by a manufacturer that:

> (ii) does business within the state at or from an established place of business that purchases unstamped or untaxed cigarettes or other tobacco products directly from manufacturers that distribute tobacco products in the state, and

> (iii) sells to properly licensed cigarette vendors or retailers.

Accordingly, under Arkansas law, one could not be a "wholesaler" *and* a "manufacturer." Thus, the discussion about what entity might be a "sales entity affiliate" is merely a red herring. Appellants clearly were wholesalers and, as such, clearly had to be persons "other than a manufacturer." *Id.* The circuit court therefore did not clearly err in refusing to find that appellants were "sales entity affiliates," which, under the facts of this case, is the only way they could be found to be statutory manufacturers. Likewise, the circuit court was correct when it found that USB was a wholly owned subsidiary of UST that distributed tobacco products, thereby making USB a statutory manufacturer. Ark. Code Ann. § 26-57-203(18)(A). Whether or not USB was a "sales entity affiliate" is immaterial to USB's status as a statutory manufacturer.

Consequently, the circuit court should be affirmed. I voted for this disposition because the circuit court correctly construed our tobacco-tax statutes. The arguments raised

by the appellants on appeal were obviously considered by the circuit court and found to lack merit.[1]

I concur.

WOOD and WOMACK, JJ., join.

*Campbell Law Firm, P.A.*, by: *H. Gregory Campbell*, for appellants.

*Lisa Ables*, *Amanda Land*, and *Keith Linder*, Office of Revenue Legal Counsel, for appellee.

---

[1]The fact that the circuit court did not do an exhaustive analysis of section 26-57-203(26)(A) (Supp. 2011), would be of no moment because even in summary judgment cases, our review of statutory construction is de novo. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179.