Cite as 2021 Ark. App. 241

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-531

|  |  |  |
|---|---|---|
| R.G. | | **Opinion Delivered:** May 12, 2021 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72JV-19-181] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE STACEY ZIMMERMAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO STRIKE DENIED |

## MIKE MURPHY, Judge

Appellant R.G. appeals the decision of the Washington County Circuit Court to release the transcripts of her juvenile-delinquency proceeding to Dynastic Wealth Management, LLLP (Dynastic). Dynastic filed an appellee's brief in this case, and R.G. moved to strike that brief. We passed the motion to strike to the panel, and today we deny that motion. After review, we hold that the lower court did not err when it released the transcripts of R.G.'s juvenile-delinquency hearing to both Dynastic and the victim's mother.

This matter arises from an accident that occurred in 2019. R.G. was driving when she hit and killed the victim, Andrea Torres, in a crosswalk near the University of Arkansas campus in Fayetteville. R.G., a minor at the time, eventually pleaded guilty to the juvenile-delinquency charge that stemmed from the accident.

Dynastic is the special administrator of the estate and represents the wrongful-death beneficiaries of Andrea Torres. In July 2019, Dynastic brought a separate civil action against R.G. and her parents, alleging that R.G. had breached her duty to exercise ordinary care, causing Torres's death.

On March 20, 2020, Dynastic filed a motion in the juvenile court case seeking the production of the sentencing- or disposition-hearing transcript of June 10, 2019, for the purpose of using it in the civil action. Counsel for Dynastic then filed an entry of appearance in the juvenile court matter. On June 9, the juvenile court conducted a hearing on Dynastic's motion. At that hearing, R.G. objected to Dynastic's motion, arguing that Dynastic lacked standing to file a motion or request relief in the juvenile case. She further argued that even if the court could release her juvenile records, it could only release information about the disposition to the victim under Arkansas Code Annotated section 9-27-309(f) (Repl. 2020). R.G. argued that the scope of section 9-27-309(f) does not extend to the transcripts.

After arguments, the circuit court found that the victim's estate and the victim's mother had requested the release of the transcript of the juvenile-adjudication and sentencing proceeding in R.G.'s delinquency case and that the mother was entitled to a copy of that full transcript for the limited purpose of using it in the civil suit. R.G. timely appealed. On appeal, she argues that Dynastic lacks standing to request relief in the juvenile case, and the circuit court improperly released the transcripts from the juvenile proceedings.

## I.

The question of standing is a matter of law for this court to decide, and this court reviews questions of law de novo. *Ark. Beverage Retailers Ass'n, Inc. v. Moore*, 369 Ark. 498, 504, 256 S.W.3d 488, 492 (2007). An error of law can constitute an abuse of discretion. *Hinton v. Bethany Christian Servs.*, 2015 Ark. App. 301, at 3, 462 S.W.3d 361, 362.

R.G. first argues that neither Dynastic nor Torres's mother, Teofila Arredondo, had standing to petition the juvenile court or request the transcript of the juvenile court proceedings. Proceedings involving juveniles are considered civil cases, but our Juvenile Code provides that the Arkansas Rules of Criminal Procedure apply to delinquency proceedings. Ark. Code Ann. § 9-27-325 (Repl. 2020). Our criminal-procedure rules do not have a mechanism for intervention like the one provided in Arkansas Rule of Civil Procedure 24, and a victim does not have any claim in a criminal case. *See, e.g.*, *State v. K.B.*, 2010 Ark. 228, at 9, 379 S.W.3d 471, 476 ("[W]e hold that a victim does not have a claim in a criminal prosecution."); *see also Johnson v. State*, 342 Ark. 186, 27 S.W.3d 405 (2000) (holding that a witness is not a party to a criminal prosecution and cannot assert a claim or a defense).

That being said, Arkansas Code Annotated section 9-27-309, which governs confidentiality of juvenile records, expressly states that the closed and confidential nature of those records is within the discretion of the circuit court. Ark. Code Ann. § 9-27-309(a). It further provides that the court or the prosecuting attorney may provide "information, upon written request, concerning the disposition of a juvenile who has been adjudicated delinquent to . . . [t]he victim or his or her next of kin." Ark. Code Ann. § 9-27-309(f)(1).

3

Here, Dynastic, standing in the place of the victim's next of kin, filed a motion that served as a written request under subsection (f), and the court exercised its discretion in providing the information.

II.

R.G. next argues that even if Dynastic did have standing to petition the court for relief within the confines of the juvenile case, the circuit court could only release information regarding the disposition of the case, not the transcripts themselves. She asserts that to release the entirety of the transcripts and exhibits was a misinterpretation of the statute. We review issues of statutory interpretation de novo, as it is this court's responsibility to determine what a statute means. *Rent-A-Ctr. E., Inc. v. Walther*, 2021 Ark. 10, at 5, 615 S.W.3d 701, 703. As previously mentioned, Arkansas Code Annotated section 9-27-309(f) provides that the court may provide a victim or his or her next of kin "information . . . *concerning the disposition* of a juvenile who has been adjudicated delinquent." (Emphasis added.)

Here, however, the court released the transcript of the full adjudication and disposition hearing conducted on June 10, 2019. R.G. argues that "information concerning the disposition" means that the court was allowed to disclose, at most, the outcome of the adjudication hearing and not all the proceedings, statements, evidence, exhibits, or transcripts of the adjudication or disposition hearing. Reading the plain language of the statute, we do not agree with R.G.'s interpretation. The statute could have just as easily read "the disposition" but instead it reads "information concerning the disposition." The court is not as constrained as R.G. would have us conclude.

4

This is especially apparent when we turn to *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). There, one of the arguments Echols made on appeal was the impropriety of the State's using evidence taken from his room and admitted into evidence in his juvenile court proceeding. Our supreme court succinctly addressed the objection, writing, "It is true that the items came from Echols's juvenile court files, but Ark. Code Ann. § 9-27-309(a) gives the juvenile court discretion to open files. The trial court noted that the juvenile court had, by order, opened the files for the State." *Id.* at 957, 936 S.W.2d at 529. The evidence obtained through the juvenile court records in *Echols* was broad, much like the information released here. Even still, the discretion afforded the circuit court is likewise broad, and we hold that it did not abuse its discretion in releasing the transcripts to the victim's mother for the limited purpose of potential use in the pending civil suit.

Affirmed; motion to strike denied.

VIRDEN and BROWN, JJ., agree.

*Taylor Law Partners, LLP*, by: *W. H. Taylor*, for appellant.

*Odom Law Firm, P.A.*, by: *Matthew L. Lindsay* and *Bryant E. Crooks*; and *Elliott and Smith Law Firm*, by: *Don R. Elliott, Jr.*, for Dynastic Wealth Management, LLP.